UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| NICHOLAS GUENTHER, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | No. 3:16 CV 468 |
| v. | ) |  |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

OPINION AND ORDER

Nicholas Guenther, a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing (MCF 15-08-141) at the Miami Correctional Facility where a Disciplinary Hearing Officer (DHO) found him guilty of possession of a controlled substance in violation of Indiana Department of Correction (IDOC) policy B-202 on August 26, 2015. (DE # 1 at 1.) As a result, he was sanctioned with the loss of 60 days earned credit time. Guenther identifies four grounds in his petition which he claims entitles him to relief.

In Ground One, Guenther argues that he was denied access to evidence that he requested. Specifically, he claims that on the day of his hearing, his lay advocate advised him to ask for a confiscation report and a chain of custody report. When he made this request directly before his hearing, the DHO denied the request as untimely. The DHO did not err in denying his untimely request for evidence. *See Miller v. Duckworth*, 963 F.2d 1002, 1005 fn. 2 (7th Cir. 1992) (prisoners "certainly cannot wait until the day of the hearing" to make a witness request); *Portee v. Vannatta*, 105 F. App'x 855, 857 (7th Cir.

1

2004) ("Although inmates have a constitutional right to call witnesses at disciplinary hearings…this right is limited and requests that inmates make the day of the hearing are not timely"). Moreover, he did not have a right to a chain of custody report or a confiscation report. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In prison disciplinary cases, due process does not require a complete chain of custody. Rather, "[a]bsent some affirmative indication that a mistake may have been made, [the] hypothetical possibility of tampering does not render evidence inadmissible, but goes instead to the weight of the evidence." *Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000). Here, there is no affirmative indication that a mistake was made with respect to the evidence. Therefore, the absence of a chain of custody or confiscation report does not serve as a basis for habeas corpus relief.

In Grounds Two and Three, Guenther argues that the DHO did not have sufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only to determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb*, 224 F.3d at 652 (quotation marks, citations, parenthesis, and ellipsis omitted).

Guenther was charged and found guilty of violating IDOC B-202. This policy prohibits the "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Indiana State law prohibits possession of any synthetic drug. Ind. Code § 35-48-4-11.5.

The Conduct Report charged Guenther as follows:

> While reviewing DVR footage from 8-11-2015 in the GARMENT shop Phase 1 PEN. I foreman Parks witnesses Ofd. Guenther, Nicholas #150873 removing himself from the waiting line of offenders being stripped out. Upon further viewing Ofd. Guenther appears to be at his work station messing with the chairs. Ofd. Guenther appears to be attaching or paying very close attention to the front lip of one chair in particular. Before leaving the area Ofd. Guenther switches the chair at his work station with the one he was messing with.
>
> With video evidence I searched Ofd. Guenther's work station. Upon inspecting the underneath side of the chair a small amount of a green leafy substance wrapped in plastic was discovered. There were no other offenders in that exact area from the time Ofd. Guenther was there and the search time.

(DE # 12-1.) The substance subsequently tested positive for synthetic marijuana. (DE # 12-3.)

The DHO had sufficient evidence to find Guenther guilty. Here, the DHO was confronted with two conflicting version of events. It was the exclusive province of the DHO, not this court, to weigh the evidence and resolve the factual dispute. Guenther claimed that he went back to his desk to retrieve paperwork. The Conduct Report presents evidence that Guenther went back to his desk to plant contraband. The substance discovered at his work station subsequently tested positive for synthetic marijuana. In light of the evidence, it was not unreasonable or arbitrary for the DHO to find Guenther guilty. Thus, Grounds Two and Three do not provide a basis for granting habeas corpus relief.

In Ground Four, Guenther argues that he is entitled to habeas corpus relief because he received notice of the postponement of his disciplinary hearing after his delayed hearing had taken place and the sanctions had been imposed. Guenther's belated notice of the postponement of his disciplinary hearing did not affect any of his procedural due process rights. *See generally Wolff*, 418 U.S. at 556. Guenther was entitled to advance notice of the factual allegations against him, and this right was satisfied when he received the screening report eight days prior to his hearing. (*See* DE # 12-7.) To the extent that Guenther alleges that the belated notice of postponement violated IDOC policy, IDOC policy is not relevant. The IDOC's failure to follow its own policy does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had

"no bearing on his right to due process"). Thus, Ground Four is not a basis for habeas corpus relief.

If Guenther wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the habeas corpus petition (DE # 1) is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case. Nicholas Guenther is **DENIED** leave to proceed in forma pauperis on appeal.

**SO ORDERED.**

Date: October 4, 2017

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT